**STATE OF ILLINOIS, Plaintiff,**

v.

**Anne M. GORSUCH, et al., Defendant and Intervening Defendants;**

**ENVIRONMENTAL DEFENSE FUND, INC., et al., Plaintiffs,**

v.

**Gary M. DIETRICH, et al., Defendants and Intervening Defendants;**

**CITIZENS FOR A BETTER ENVIRONMENT, Plaintiff,**

v.

**Anne M. GORSUCH, et al., Defendant and Intervening Defendants;**

**NATIONAL SOLID WASTE MANAGEMENT ASSOCIATION, Plaintiff,**

v.

**Anne M. GORSUCH, et al., Defendant and Intervening Defendants.**

**Civ. A. Nos. 78–1689, 78–1715, 78–1734 and 78–1899.**

United States District Court, District of Columbia.

Nov. 13, 1981.

Russell R. Eggert, Dean Hansell, Asst. Attys. Gen., Environmental Control Div., Chicago, Ill., for State of Ill.

Anthony Z. Roisman, Chief, Hazardous Waste Section, Land and Natural Resources Div., Dept. of Justice, Washington, D. C., Lisa K. Friedman, Asst. Gen. Counsel, U. S. Environmental Protection Agency, Washington, D. C., for all defendants.

Michael K. Glenn, Chadbourne, Parke, Whiteside & Wolff, Washington, D. C., for intervening defendant American Paper Institute and National Forest Products Assn.

William A. Butler, Washington, D. C., Jacqueline M. Warren, New York City, Khristine L. Hall, Environmental Defense Fund, Washington, D. C., for Environmental Defense Fund.

Bill S. Forcade, Robert Goldsmith, Citizens for a Better Environment, Chicago, Ill., Ellyn Weiss, Sheldon, Harmon, Roisman & Weiss, Washington, D. C., for Citizens for a Better Environment.

William C. Brashares, Charles A. Samuels, Cladouhos & Brashares, Washington, D. C., for National Solid Waste Management Assn.

John R. Quarles, Jr., Morgan, Lewis & Bockius, Stark Ritchie, Washington, D. C., for intervening defendants American Petroleum Institute, Inc., et al.

Thomas H. Truitt, Toni G. Allen, Stanley M. Spracker, Wald, Harkrader & Ross, Washington, D. C., for intervening defendants Central & South West Corp., et al.

John H. Pickering, Andrew T. A. Macdonald, Wilmer, Cutler & Pickering, Washington, D. C., for intervening defendant Manufacturing Chemists Assn.

## MEMORANDUM AND ORDER

GESELL, District Judge.

The issue before the Court is whether or not it has jurisdiction in this proceeding to require the Environmental Protection Agency (EPA) to continue in effect and to implement regulations promulgated by EPA in response to a Court Order resulting from the Agency's failure to meet promulgation deadlines established by Congress. *See* Resource Conservation and Recovery Act (RCRA), 42 U.S.C.A. § 6901 et seq. (1977 & 1981 Supp.). The regulations at issue were promulgated in January, 1981, in response to this Court's Order of December, 1979. They established operating standards for new and existing incinerators and surface impoundment storage facilities to control the release of dangerous waste substances into the environment.

Plaintiff Environmental Defense Fund (EDF) filed the present motion for declaratory and injunctive relief in response to a notice which appeared in the *Federal Register* on July 24, 1981, 46 Fed.Reg. 38318, indicating that EPA intended to initiate rulemaking to withdraw the January regulations as they apply to existing storage impoundments and incinerators. The notice also indicated that the Agency would not process permits for existing facilities pending action by this Court on a motion which was to be but never was filed requesting a further extension of the deadline for promulgating standards. On October 13, 1981, subsequent to the filing of EDF's motion, EPA sent to the *Federal Register* a proposal temporarily to suspend the effective dates of the January regulations insofar as they applied to existing incinerators and storage surface impoundments. The basis for this proposal was the numerous comments received by the Agency asserting that the regulations were technically and economically infeasible. The October 13 notice also stated that it was EPA policy, effective that day, "to defer the processing of permits for existing . . . impoundments and incinerators . . . ."

The arguments presented to the Court are partially semantic. EDF points to § 3010(b) of RCRA, 42 U.S.C.A. § 6930(b) (1977), which provides that regulations shall go into effect six months after their promulgation and argues that the Court's December, 1979, Order directing the Agency to promulgate the regulations necessarily implied that because of § 3010(b) the Agency was also required by the Order to implement the regulations. While EPA vigorously disputes that the regulations have been suspended, it argues that even if the regulations have been suspended the Agency's action constitutes a "repeal of [a] regulation" within the meaning of 42 U.S.C.A. § 6976(a)(1) (1981 Supp.), and therefore EDF's exclusive remedy lies in the Court of Appeals. It insists that having promulgated the regulations as required by the Court

Order, it is now acting pursuant to its discretion and not in violation of the Order. The Agency's primary arguments are that the Agency's choice of how to deploy its limited resources in executing its numerous regulatory responsibilities is committed to the discretion of the Agency, and that even if the Agency action is reviewable it is not arbitrary and capricious.

This is simply a deadline suit, nothing more. The sole purpose of deadline suits is to bring the equitable powers of the Court into play to effectuate the declared intentions of Congress.

▮▮▮ EDF requested that the Agency be directed to promulgate regulations, the Court directed the Agency to promulgate regulations, and the Agency has done so. In the absence of a substantial threshold showing that the Agency's subsequent announcement that it would suspend the regulations was a bad-faith effort to evade the Court's Order, the Court is obliged to conclude that the Agency's promulgation of the regulations brought this proceeding to a close as to these two regulations. In responding to an action to enforce explicit statutory deadlines, the Court does not undertake a continuing supervision of the Agency's implementation of its responsibilities after deadlines have been met.

Under *Council of the Southern Mountains, Inc. v. Donovan*, 653 F.2d 573, 579 n. 26 (D.C.Cir.1981), it would appear that the Agency's suspension, without prior notice or opportunity for comment, of the implementation of these regulations is the type of agency action subject to exclusive review in the United States Court of Appeals for the District of Columbia.[1] In any event, even if the Agency's action in suspending the regulation without the benefit of prior notice and comment was arbitrary and capricious in violation of the Administrative Procedure Act, it poses an issue outside the confines of this litigation. Accordingly, EDF's motion for injunctive and declaratory relief must be denied.

---

1. The Court notes that EDF has already filed a Petition for Review in the Court of Appeals challenging the Agency's decision to suspend the permitting process. EDF, Inc. v. Gorsuch, No. 81–2025, filed September 18, 1981.

In view of this disposition of EDF's motion for declaratory and injunctive relief, EDF's motion to compel discovery will also be denied.

SO ORDERED.